**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

=====================================
SAMUEL KLEIN individually and
on behalf of all others similarly situated


                         Plaintiff,


              -against-


PHILLIPS & COHEN ASSOCIATES, LTD.


                         Defendant.

=====================================

## CLASS ACTION COMPLAINT

### I.    Introduction

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1.    Plaintiff Samuel Klein brings this action to secure redress from unlawful collection practices engaged in by Defendant Phillips & Cohen Associates, Ltd.

2.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II.   Parties

4.      Plaintiff is a citizen of the State of New York who resides within this District.

5.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6.      Upon information and belief, Defendant's principal place of business is located in Wilmington, Delaware.

7.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III.   Jurisdiction and Venue

9.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV.   Allegations

11.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

12.     On or about March 1, 2017, Phillips & Cohen Associates, Ltd. sent a collection letter to the Plaintiff Samuel Klein. (see attached exhibit)

13.    The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate. The Second Circuit stated in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 74 (2d Cir. 2016)

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance <u>may</u> increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance <u>may</u> increase due to interest and fees."

14.    The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance <u>may</u> increase due to interest and fees".  See *Islam v. Am. Recovery Serv.*, 2017 U.S. Dist. LEXIS 180415 ("If a collection letter is ambiguous as to interest, Avila holds, then it violates §1692e. I recognize that ambiguity can be indicative of a misleading or deceptive communication. But Avila compels the conclusion that any ambiguity as to post-dated accruals in a collection notice gives rise to a claim under the general prohibition of § 1692e — even if the ambiguity does no harm or even inures to the benefit of the debtor." Language such as the "current balance" or "as of the date of this letter" is insufficient disclosure to a debtor that her balance is either dynamic or static and such ambiguity violates the framework of Avila.)

15.    However if the "account balance" will never increase and the holder of the debt will <u>always</u> accept payment of the amount set forth in full satisfaction of the debt then the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states

-3-

that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

The Second Circuit in *Avila* did not "hold that a debt collector must use any particular disclaimer" *Id.*

16.    However the Second Circuit did address all the possible scenarios: 1) If the "current balance" could increase over time, then the collection notice must disclose that the "balance might increase due to interest and fees". *Id.* 2) If the "current balance" is currently increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter will increase over time". *Id.* 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt only if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due could increase by the accrual of additional interest or fees if payment is not received by that date.

17.    In this case, the "Balance" was increasing due to interest per the creditor's contract. Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

18.    The Plaintiff, as well as the "least sophisticated consumer" was unsure as to whether or not the said account was accruing interest.

19.    The said letter fails to include the safe harbor language set out by the Second Circuit.

20.    The "Balance" in this case was for an amount that included original

principal, fees, and contractual interest.

21.    The Plaintiff was left uncertain as to whether the "Balance" was accruing interest as there was no disclosure that indicated otherwise.

22.    The Plaintiff was left unsure whether the "Balance" would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

23.    A reasonable consumer could read the notice and be misled into believing that he or she could pay her debt in full by paying the amount listed on the notice.

24.    In fact, however, since contractual interest is automatically accruing daily, and since there will be undisclosed fees that will accrue, a consumer who pays the "Balance" stated on the notice will not know whether the debt has been paid in full.[1]

---

[1] *Thomas v. Midland Credit Mgmt., Inc.*, No. 2:17-cv-00523 (ADS)(ARL), 2017 BL 424148 (E.D.N.Y. Nov. 27, 2017) ("The Defendant argues that *Avila* is inapplicable because the letter is clear that interest is not accruing. The Court disagrees. First, the Plaintiff alleges that interest was accruing during the relevant period. The Court must accept the Plaintiff's allegations as true at this stage of the litigation. Second, while the letter states that interest and fees are zero at the time the letter was sent, it does not state whether interest would accrue at a later date. This is further clouded by the fact that the letter classifies the amount owed as the "current balance," implying that interest may accrue. The letter does not clearly state that that the Plaintiff could resolve all of her debt if she pays $633.56. Instead, it leaves open the possibility that interest would have accrued during the mailing of payment. The statement directing the Plaintiff to "[e]nclose $633.56 in the envelope provided *or* call (855) 977-1969 to resolve this account" also allows for two possibilities: either that the Plaintiff could resolve the account by doing either of those options, or that calling the number would resolve the account while paying $633.56 would only pay off her current balance. This means that the collection notice was deceptive and misleading. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) ("A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."). Furthermore, the documents provided by the Defendant related to the Plaintiff's account show that interest accrued on her credit card, and there is nothing to indicate that interest did not accrue once the debt was transferred to the Defendant. **In the Court's view, the Defendant did not meet the minimum standard set out by *Avila*, because the letter does not state when, if ever, the amount owed by the Plaintiff would increase**. *See Avila*, 817 F.3d at 77 (holding that a letter is sufficient if the "notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date"). The Court is hard pressed to believe that the Defendant would deem the Plaintiff's account satisfied in full if the Plaintiff paid $633.56 two years after the letter was sent.") (emphasis added)

25.     The debt collector could still seek the automatically accrued contractual interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and undisclosed fees from the consumer.

26.     The statement of a "Balance," without notice that the amount may increase or is already increasing due to automatically accruing contractual interest, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

27.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

28.     The amount of the contractual interest automatically increases each day that the defaulted debt remains unpaid due to the automatically accrued interest.

29.     Collection notices that state only the "Balance," but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

30.     To the extent that the Creditor or Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

31.     If the "Balance," will never increase and the debt collector is always

willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will <u>always</u> accept payment of the amount set forth in "full satisfaction" of the debt.[2]

32.     Defendant was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, the Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest and will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those disclosures in violation of 1692e.

33.     If interest was waived, the letter would need to contain that disclosure and clearly state that no interest is accruing on this account in order to provide full and fair disclosure to consumers of the actual balance as is embodied in Section 1692e.

34.     The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts."[3]

35.     Because the statement of the "Balance" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the

---

[2] <u>Douglass v. Forster & Garbus LLP</u>, No. 16-CV-6487, 2016 U.S. Dist. LEXIS 148351, at *9 (W.D.N.Y. Oct. 26, 2016) ("[T]he letter implies that a payment of [the same balance] will settle the debt, but does not, unlike the "safe harbor" discussed in *Avila*, **explicitly state that it will**. The Second Circuit's decision is crystal clear and the letter sent to Douglass violates the statute. The decision in *Avila* does not suggest that were a debt collector able to prove that the information was made available to the debtor in some other fashion, then a debt collection letter failing to meet the *Avila* requirements would not be in violation of § 1692e.") (emphasis added)

[3] <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 76 (2d Cir. 2016)

amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly state that the holder of the debt will always accept payment of the amount set forth in full satisfaction of the debt. Id. at 817.

36.    Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.  It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.[4]

37.    According to the Second Circuit's finding that the "Balance" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or unwaived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." <u>*Avila v. Riexinger & Assocs., LLC*</u>, 817 F.3d 72, 76 (2d Cir. 2016)

---

[4] <u>*Pimentel v. Nationwide Credit, Inc.*</u>, 2017 U.S. Dist. LEXIS 188068, *9-10 ("In the instant case, Plaintiff has alleged that Defendant's failure to disclose accruing interest violates both § 1692g and § 1692e. And it appears that Defendant's Collection Letters create the very issue about which the Avila court was concerned. Based on the wording of the Collection Letters, **if Plaintiff were to remit the "account balance" shown on the Letters, she would not know whether she had paid the debt in full. Thus, Plaintiff has adequately alleged a violation of § 1692e**.") (emphasis added)

38.     The 8th Circuit in *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

39.     In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract.  The consumer could not know what the real balance is.

40.     The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts.[5] A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence.[6]

41.     The 8th Circuit Court of Appeals found that the fact that the debt was charged off and that the creditor or debt buyer did not charge interest in its statements post charge off that alone does not constitute an express waiver and interest is still continuing to accrue and may be charged at a future time.

42.     According to the Second Circuit in *Avila*, any debt that <u>was</u> accruing interest and fees would need full and complete disclosure which would either clearly state that the balance "may" or "will" increase over time or clearly state that the debt is "static" and holder of the debt will always accept payment of the amount set forth in "full satisfaction" of the debt.[7]

---

[5] *Navillus Tile, Inc. v. Turner Const. Co.*, 2 A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003).
[6] *Acumen Re Management Corp. v. General Sec. Nat. Ins. Co.*, 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).
[7] *Haney v. Portfolio Recovery Assocs.*, No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21,

43.     Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e since Courts have held that <u>even</u> if the right to collect interest was waived by the creditor, debt collectors could still charge interest and they would not violate the FDCPA for charging interest if the original credit card agreement permitted the charging of interest on late payments.[8]

44.     The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

45.     Since the "Balance" is for an amount that includes original principal, fees, and contractual interest, the collection notice must accurately inform the consumer that interest may accrue or that interest has stopped accruing. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e... a consumer who pays the "current

---

2016) ("Nothing inherent in the process of charging off a debt precludes a claim for statutory interest, and [the states] prejudgment interest statute does not expressly preclude statutory prejudgment interest following a waiver of contractual interest...[The debtor] received monthly periodic statements from the original creditors prior to charge-off, and at least as to the *Wal-Mart* account, the charge-off statement itself is attached to the pleadings. [The debtor] received a demand for payment of his accounts when due. We conclude any demand requirement that exists as a precondition to the accrual of statutory prejudgment interest was satisfied by the original creditors' demands upon [the debtor].")

[8] *Rice v. Resurgent Capital Servs., L.P.*, No. 15 CV 6319 (KAM)(CLP), 2017 U.S. Dist. LEXIS 20932, at *19-20 (E.D.N.Y. Feb. 13, 2017) ("[C]ourts in other districts have held that <u>even</u> if the right to collect interest was waived by the creditor, debt collectors do not violate Section 1692f(1) if the original credit card agreement permitted the charging of interest on late payments.); *Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1110 (N.D. Ill. 2014) (granting summary judgment on the Section 1692f(1) claim and holding that, "even if BOA waived its right to collect [*20] interest, Defendants cannot have violated 1692f(1) if the original agreement between Mr. Simkus and BOA allowed for charging interest on late payments"); *Wilder v. J.C. Christensen & Assocs., Inc.*, No. 16 CV 1979, 2016 U.S. Dist. LEXIS 168440, 2016 WL 7104283, at *7 (N.D. Ill. Dec. 6, 2016) (granting the motion to dismiss and holding that, "Plaintiff's allegation that Defendant engaged in 'unfair' or 'unconscionable' conduct by claiming that interest 'may' be added to Plaintiff's account is not a violation of Section 1692f(1) even if she could demonstrate that Credit One waived its contractual right".); See also *Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 544 (N.D. Ill. 2012) (granting the motion to dismiss the 1692f(1) claim and holding that, "[t]he Court agrees that § 1692f(1) appears to be directed at debt collectors who charge fees not contemplated by the original agreement, not debt collectors who seek to charge fees contemplated by the agreement but arguably waived thereafter".)

balance" stated on the notice will not know whether the debt has been paid in full."[9]

46.     The "Balance" is for an amount that includes original principal, fees, and contractual interest.  If interest was waived or stopped accruing the collection notice must disclose that the debt is "static" and that the holder of the debt would accept payment of the amount set forth in full satisfaction of the debt. _McNamee v. Debski & Assocs., P.A._, No. 8:16-cv-2272-T-33TBM, 2016 U.S. Dist. LEXIS 131912, at *8-9 (M.D. Fla. Sep. 27, 2016). ("The letters did not inform [the debtor] that _Capital One_ had instructed [the debt collector] to cease collecting[] interest... i.e., that _Capital One_ was willing to accept $3,129.05 in full satisfaction of the debt. Because the letters did not "clearly state[] that the holder of the debt [would] accept payment of the amount set forth in full satisfaction of the debt . . .," _Avila_, 817 F.3d at 77, [the debtors] Complaint plausibly states a claim to relief under the FDCPA.") (citations omitted)

47.     Since interest was accruing per the creditor's contract the collection notice must inform the consumer that the amount of the debt stated in the letter will increase over time.

48.     Collection letters failing to reference the accrual of interest or waiver of interest are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10).  See _Sperber v. Central Credit Services LLC_ No. CV 16-cv-05222 (ARR) (RLM), 2017 U.S. Dist. (E.D.N.Y. May. 1, 2017). ("This matter presents the question of whether failing to disclose [] interest, or failing to explicitly waive the right to collect it, constitutes a "false, deceptive, or misleading" practice under § 1692e... Plaintiff contends that the collection notice he received, which

---

[9] _Avila v. Riexinger & Assocs., LLC,_ Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

neither stated that [] interest was accruing nor waived the creditor's right to collect it, is deceptive or misleading under *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016)... Having alleged that interest was accruing on his debt and that *CCS* failed to either disclose this interest or otherwise disclaim its right to collect it, *Sperber* has stated a plausible claim that the collection notices he received from *CCS* were misleading under Section 1692e of the FDCPA. *See Avila*, 817 F.3d at 76.")

49.    "None of the letters provided further detail regarding when or how the balance had been calculated, whether it included interest, or whether interest continued to accrue. The court finds that the "least sophisticated consumer" could have read these letters in at least two different ways. *On one hand*, an unsophisticated consumer could reasonably conclude that the balance was a fixed amount that would not be subject to further interest, late fees, or other charges. *On the other*, an unsophisticated consumer could just as reasonably determine that the balance would continue to grow over time as interest accrued. *One of those meanings would necessarily be inaccurate*. Therefore, the court finds that Defendants' letters were deceptive as a matter of law. Courts in other districts have reached the same conclusion on similar facts. The court grants Ms. Snyder's motion for summary judgment on this issue." *Snyder v. Gordon*, No. C11-1379 RAJ, 2012 U.S. Dist. LEXIS 120659, at *8-9 (W.D. Wash. Aug. 24, 2012)

50.    "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They

are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest" _Michalek v. ARS Nat'l Sys._, No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011); _Avila v. Riexinger & Assocs., LLC_, 817 F.3d 72, 75 (2d Cir. 2016) ("[I]n considering whether a collection notice violates Section 1692e, we apply the "least sophisticated consumer" standard...**Under this standard, a collection notice is misleading if it is "open to more than one reasonable interpretation, at least one of which is inaccurate.**")

51.    The Plaintiff and the least sophisticated consumer could conclude from the said collection letter, that the "Balance" is static and that his or her payment of the amount due would satisfy the debt irrespective of when payment was remitted. However, absent a disclosure by the holder of the debt that clearly stated that the holder of the debt would accept payment of the amount set forth in "full satisfaction" of the debt then even if the debtor pays the "Balance" the Defendant and or the creditor _could_ still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer.  (_Avila_, at *10-11.)

52.    A waiver of interest, even when made explicitly, has not prevented debt

collection agencies from continuing to illegally charge the waived interest.  At the bare minimum a debt collection agency must clearly convey, even to the least sophisticated consumer that it intends to waive the automatically accruing interest, or clearly state that the holder of the debt would always accept payment of the amount set forth in "full satisfaction" of the debt.

53.     Any debtor, who goes ahead and pays the "Balance" as stated in the Defendant's letter, will be left unsure as to whether or not the debt has been paid in full, as the Defendant could always attempt to collect on any interest and fees that may have accumulated after the Defendant's letter was sent, but before the balance due was paid.

54.     As per the terms and conditions of the credit card agreement, the creditor charged the Plaintiff interest on balances carried on the alleged account.

55.     As per the terms and conditions of the credit card agreement, the creditor charged the Plaintiff late fees on any and all payments due, but which were not timely made by the Plaintiff.

56.     As per the terms and conditions of the credit card agreement, the creditor charged Plaintiff other fees on the account.

57.     At no point did the creditor waive its right to collect from the Plaintiff, interest, late fees or other charges on any balance carried on the account.

58.     At no point did the assignee or successor-in-interest waive its right to collect from the Plaintiff, interest, fees or other charges on any balance carried on the account.

59.     At no point was the Plaintiff ever informed by the creditor or the

Defendant, that the terms and conditions of the credit card agreement had been changed.

60.    As per the terms and conditions of the credit card agreement, interest, late fees and other charges continued to accrue on any unpaid balance.

61.    As per the terms and conditions of the credit card agreement, the creditor and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest, late fees, and other charges on any balance carried on the account.

62.    As per the terms and conditions of the credit card agreement, the legal right of the creditor and any assignee or successor-in-interest to collect from the Plaintiff interest on any balance carried on the account is not waived by the creditor or any assignee or successor-in-interest as a result of a failure by either the creditor or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest, late fees or other charges.

63.    The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

64.    The letter fails to inform Plaintiff whether the amount listed already includes accrued interest, late fees or other charges.

65.    The letter fails to advise Plaintiff what portion of the amount listed is principal.

66.    The letter fails to inform Plaintiff that the amount listed will increase.

67.    The letter fails to inform Plaintiff if there is accrued interest, what the amount of the accrued interest will be.

68.    The letter fails to inform Plaintiff if there is accrued interest, when such

interest will be applied.[10]

69.     The letter fails to inform Plaintiff if there is accrued interest, what the interest rate is.

70.     The letter fails to inform Plaintiff if there is accrued interest, the amount of money the amount listed will increase per any measurable period.

71.     The letter fails to indicate the minimum amount the Plaintiff owed at the time of the letter.

72.     The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

73.     The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

74.     The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

---

[10] _Reutlinger v. Fin. Recovery Servs._, No. CV 15-2942, 2016 U.S. Dist. LEXIS 73257 (E.D.N.Y. May 31, 2016) ("The language at issue is contained in the notice sent to Plaintiff, attached to the complaint as Exhibit ("Ex.") 1. It states: * * *BALANCE ITEMIZATION PRINCIPAL BALANCE: $4300.28 INTEREST BALANCE: $259.05 BALANCE DUE: $4559.33 ... Plaintiff's Third and Fourth claims assert that Defendant has violated §§ 1692e and 1692g(a)(1) in connection with the "amount of debt" on the notice, **specifically claiming it fails to state whether the debt is continuing to accrue interest**, to identify the date as of which the unpaid interest was calculated, **or to state whether the interest continues to accrue**, and if so, the applicable rate of interest. The issue of whether detailed interest information was required by § 1692g(a)(1) has been the subject of differing opinions within this district and others, but was recently answered by the Second Circuit, which found that debt collectors must disclose that the balance due may increase due to interest and fees. See _Avila v. Riexinger & Associates, LLC_, 817 F.3d 72, 76 (2d Cir. 2016). Noting the FDCPA to be a "consumer protection statute" and applying the "least sophisticated consumer" standard, the Court held "that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." Id. This achieves and promotes the "full and fair disclosure to consumers" as intended by Congress. Id Now that this point is clear, the Court finds that Plaintiff's Third and Fourth claims sufficiently state that Defendant has failed to adequately provide the interest information required by the FDCPA. Defendant's motion to dismiss these claims is therefore denied.") (emphasis added)

75.     The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

76.     In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

77.     Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

78.     The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.[11]

79.     The Plaintiff alleges and avers that Defendant further violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiff.

80.     Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

---

[11] *Azzara v. Nat'l Credit Adjusters, LLC*, 2017 U.S. Dist. LEXIS 93686, *3-4 ("A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016). **As Plaintiff asserts, the least sophisticated consumer could reasonably read Defendant's written correspondence to mean that the "current balance" was static, or that the "current balance" was dynamic due to the continued accumulation of interest and/or late fees** [and] "A debt collector's written communication to a debtor violates the FDCPA if it is 'reasonably susceptible to an inaccurate reading' ... Based on the above, Defendant violated 15 U.S.C. §§ 1692e and 1692g, and Plaintiff is entitled to a judgment as to liability. ") (emphasis added)

81.    On information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

82.    On information and belief, the Defendant's letters, such as the said March 1, 2017 letter, number in at least the hundreds.

83.    Defendant, by failing to state that it would add interest to the amount of the debt, made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

84.    The Plaintiff alleges and avers that Defendant's March 1, 2017 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

85.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

86.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

87.    The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

88.    The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

89.    The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

90.    The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

91.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

92.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

93.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### V.    Class Allegations

94.    This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

95.    The identities of all class members are readily ascertainable from the records of Phillips & Cohen Associates, Ltd. and those business and governmental entities on whose behalf it attempts to collect debts.

96.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Phillips & Cohen Associates, Ltd., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

97.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

98.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

99.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

100.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate

over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

101.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

102.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

103.   Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

104.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### *VI.    Cause of Action*

105.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

106.   This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

      a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the

within complaint up to and including the date of the filing of this complaint;

b) the collection letter was sent to a consumer seeking payment of a personal debt;

c) the collection letter was not returned by the postal service as undelivered;

d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

### VII.    Violations of the Fair Debt Collection Practices Act

107.   The Defendant's actions as set forth above in the within complaint violates the FDCPA.

108.   Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

109.   As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII.    Jury Demand

110.   Plaintiff demands a trial by jury.

### IX.    Prayer for Relief

111.   Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
February 28, 2018

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

**Phillips & Cohen Associates, Ltd.**
Ph 888-344-0900 • mail@phillips-cohen.com
Office Hours: M-Th:  8am-9pm, Fri:  8am-6pm
Sat:  8am-12pm

PO Box 5790
Hauppauge, NY 11788-0164

RETURN SERVICE REQUESTED

March 1, 2017

Phillips & Cohen Associates, Ltd.
Mail Stop: 149
1002 Justison Street
Wilmington, DE 19801-5148

365714798

SAMUEL  KLEIN
Redacted

Reference #: Redacted 76
Balance: $1,985.31

***PLEASE DETACH AND RETURN IN THE ENCLOSED ENVELOPE WITH YOUR PAYMENT***

Re:  Our Client/Your Creditor:   **Merrick Bank Corporation**
    **Client Account #:**   ************3935
    **Reference #:**   Redacted 76
    **Balance:**   **$1,985.31**

Dear SAMUEL  KLEIN:

It is our hope to resolve your financial obligation owed to Merrick Bank Corporation prior to us needing to conduct further collection activity to recover the amount owed.

In an effort to make repayment easier for you, we offer you the opportunity to settle this debt for 40% of the amount owed or $794.12.

You now have an important decision to make.  If you are unable to pay in full or settle at the reduced rate, we still would like to work with you to resolve this matter, as other repayment options may be available.  Please contact our office as soon as possible to explore other options or to discuss your account further.

Sincerely,

Phillips & Cohen Associates, Ltd.

Whenever $600.00 or more in principle of a debt is forgiven as a result of settling a debt for less than the balance owing, the creditor may be required to report the amount of the debt forgiven to the Internal Revenue Service on a 1099C form, a copy of which would be mailed to you by the creditor.  If you are uncertain of the legal or tax consequences, we encourage you to consult your legal or tax advisor.

** IMPORTANT CONSUMER INFORMATION **

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

New York City Department of Consumer Affairs License number 1066574.

Phillips & Cohen Associates, Ltd. ● 1002 Justison Street ● Wilmington, DE 19801 ● 888-344-0900

1CSPCAL03592